UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM RAY ROSS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:23-cv-01920-JDP (PC)<br><br><br>ORDER |

Plaintiff Malcolm Ray Ross is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  The complaint alleges that plaintiff was subjected to toxic drinking water while incarcerated at Deuel Vocational Institution.  The claims as alleged cannot proceed.  I will grant him the opportunity to amend his complaint.  Plaintiff's application for leave to proceed *in forma pauperis* makes the required showing and will be granted.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff seeks monetary damages from the State of California, CDCR, and Deuel Vocational Institution ("DVI") because he was subjected to toxic drinking water at DVI from 2013 to 2016.[1]  ECF No. 1 at 3.  The complaint alleges that, as a result of the contaminated drinking water, plaintiff is in "second stage kidney failure."  *Id.* at 4.  The complaint alleges that California and CDCR knew that the water was toxic but did not remedy it.

The State of California, CDCR, and DVI are immune from suit under the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (holding that the Eleventh Amendment bars § 1983 suits against a State unless the state has waived its sovereign

---

[1] Plaintiff's handwriting is at times difficult to understand.  Plaintiff should take care to write legibly if he chooses to amend his complaint.

immunity); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that the prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *Peck v. Hopkins*, No. 2:17-cv-0430-JAM-KJN (P), 2017 WL 1349661, at *3 (E.D. Cal. Apr. 12, 2017) (dismissing Deuel Vocational Institution and CDCR as improper defendants because both are entitled to Eleventh Amendment immunity). Since the named defendants are immune from suit, this complaint cannot proceed past screening.

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's request for status, ECF No. 5, is denied as moot.

3. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court that he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

4. Failure to comply with this order will result in the dismissal of this action.

5. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:     October 12, 2023                              _____
                                                         JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE

3