UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM RAY ROSS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, *et al.*,<br><br>　　　　Defendants. | Case No. 2:23-cv-01920-JDP (PC)<br><br>ORDER DIRECTING THE CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS MATTER<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>ECF No. 11 |

　　　Plaintiff, a former state prisoner at Deuel Vocational Institution, brings this action alleging that three members of the unit medical staff and the Tracy water district violated his rights by allowing him to drink toxic water. ECF No. 11 at 2-4. Having reviewed these claims, I find them non-cognizable and recommend this action be dismissed.

### I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### II. Analysis

Plaintiff alleges that defendants knowingly allowed him to drink toxic water, thereby causing him to develop kidney disease. ECF No. 11 at 3. These allegations are deficient. As to the three members of the facility medical staff—defendants Street, Mallet, and White—plaintiff alleges only that they "allowed" him to drink the toxic water. *Id.* at 3. By way of alleged proof,

he points to blood tests that were normal when he arrived at the institution and, two years later, were abnormal, showing kidney issues. *Id.* Nothing in the complaint, however, indicates that any of these defendants knew that the water was toxic. Indeed, plaintiff's conclusory allegations also fail to show how he knows that his kidney problems stemmed from toxic water and not some other underlying cause. And, even if toxic water were the cause, it is far from apparent how any of the medical defendants could have altered water access for the prison or done anything to procure purer water for plaintiff. Finally, given that defendants were responsible for plaintiff's care in approximately 2015, it appears that his claims are time-barred. Under California law, which section 1983 applies for the purpose of statute of limitations, prisoners have four years to bring their claims. *See Mitchell v. Bennett*, No.: 3:22-cv-01011-DMS-RBB, 2022 U.S. Dist. LEXIS 192786, *9 (S.D. Cal. Oct. 21, 2022) ("Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling).").

Additionally, plaintiff's claims against the Tracy Water Company are non-cognizable. He offers no specific allegations supporting his contention that this entity was "grossly negligent" in providing toxic water. ECF No. 11 at 4. Indeed, the claim reads as little more than conjecture insofar as plaintiff contends that the construction of a new water purification plant (at some subsequent, unspecified date) is evidence of the water's toxicity. *Id.* He makes no other, specific allegations bolstering this connection, and offers no other allegations as to how he knows that the water caused his kidney disease. Thus, his allegations are insufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Given that this is plaintiff's second complaint and he is no closer to stating a cognizable claim, I now recommend that this action be dismissed for failure to state a claim.

Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that the amended complaint, ECF No. 11, be DISMISSED without leave to amend for failure to state a viable claim under section 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 12, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE